# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MYRON BASS, KAREN MOBLEY, and LAWRENCE EVERETT REED, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil No. 13-2882-JDT/tmp |
| TOM LEATHERWOOD, et al., | ) ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

On November 12, 2013, plaintiffs Myron Bass ("Bass"), Karen Mobley ("Mobley") and Lawrence Everett Reed ("Reed"), residents of Shelby County, Tennessee, filed a *pro se* complaint and paid the civil filing fee. (ECF Nos. 1 & 2.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation, as appropriate.

A scheduling conference was set for February 20, 2014. The notice of setting was mailed to all plaintiffs on February 3, 2014. All plaintiffs except for Bass appeared for the scheduling conference. The parties indicated at the scheduling conference that Bass did not participate in the parties' Rule 26(f) planning meeting. Co-plaintiffs stated that they had not heard from Bass. The plaintiffs' recently filed motion for leave to file a second

amended complaint was not signed by Bass.

Based on Bass's apparent failure to prosecute, on February 20, 2014, the court entered an Order to Show Cause requiring him to show cause why his claims should not be dismissed for failure to prosecute, by filing a written notice with the court explaining why he failed to participate in the preparation of the case management plan with the other parties and why he failed to appear at the Rule 16(b) conference on February 20. Bass was ordered to file his written response by no later than Monday, March 3, 2014. Bass was warned that failure to respond to the show cause order could result in dismissal of his claims for failure to prosecute. To date, Bass has not filed a response to the show cause order. Nor has he signed any of the various motions or responses filed by the co-plaintiffs since the entry of the show cause order. (ECF Nos. 47, 48, 51.)

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any other order of the court . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion

for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consol. Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

First, as discussed above, Bass failed to participate with the other parties in the Rule 26(f) planning meeting and failed to appear for the Rule 26(b) scheduling conference. He has not maintained contact with his co-plaintiffs, any of the defendants, or the court. Numerous dispositive motions have been filed by the defendants, and although a response has been filed by the plaintiffs, Bass did not sign the response. The court's February

20 Order to Show Cause required Bass to file a written response by March 3, yet he failed to comply with that order. The plaintiffs' filings since the show cause order have not been signed by Bass. From these facts, the court finds that Bass's failure to prosecute has been due to willfulness and bad faith on his part.

Second, the defendants have been prejudiced by Bass's failure to prosecute. This case has been brought by several plaintiffs against more than twenty individual and corporate defendants, alleging violations of RICO, conspiracy, and various other state laws. Because the co-plaintiffs are also *pro se*, they cannot represent Bass, nor can they sign pleadings or motions on his behalf. Bass's failure to prosecute his case has undoubtedly worked a hardship on the defendants. Third, the court warned Bass in the show cause order that if he failed to respond, his case could be dismissed for failure to prosecute. Fourth, the court has considered other sanctions, including possibly awarding attorney's fees. However, under the circumstances, the court finds that the sanction of dismissal is warranted.

Therefore, the court recommends that Bass's claims be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 3, 2014
Date

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**