IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

MYRON BASS, et al.,              )
                                 )
    Plaintiffs,                  )
                                 )
v.                               )     No. 13-cv-2882-JDT-tmp
                                 )
TOM LEATHERWOOD, et al.,         )
                                 )
    Defendants.                  )
_____

**REPORT AND RECOMMENDATION**
_____

Before the court are various motions to dismiss filed by the Defendants and a motion to amend the complaint filed by the plaintiffs. The motions to dismiss pending before the court include the motion to dismiss filed by Mortgage Electronic Registration Services, Inc. ("MERS") on December 16, 2013 (ECF No. 13); the motion to dismiss filed by Greenpoint Mortgage Funding, Inc. ("GMF") on December 17, 2013 (ECF No. 15); the motion to dismiss filed by Sidney Gelernter, Mccurdy & Candler, and Patrick Taggart on January 13, 2014 (ECF No. 21); the motion to dismiss filed by Tom Leatherwood and Joseph Reves on January 15, 2014 (ECF No. 24); and the motion to dismiss filed by Bank of America, N.A., GMAC Mortgage, LLC ("GMAC"),

Recontrust Co. ("Recontrust"), N.A., U.S. Bank, N.A., and Deutsche Bank Trust Co. America ("Deutsche") on January 21, 2014 (ECF No. 26).[1] Plaintiffs Sarahs Dream Unincorporated, Karen Mobley Gunn Estate, and Lawrence Everett Reed Estate (collectively "Plaintiffs")[2] filed a response to the various motions to dismiss on February 4, 2014. (ECF No. 30.) Leatherwood and Reves filed a reply on February 21. (ECF No. 42.) Plaintiffs filed their motion to amend the complaint on February 4, 2014. (ECF No. 31.) Defendants filed a joint response in opposition on February 18, 2014. (ECF No. 34.) For the reasons below, it is recommended that the Plaintiffs' motion to amend be denied, and that the defendants' motions to dismiss be granted.

## I. PROPOSED FINDINGS OF FACT

On November 12, 2013, Plaintiffs filed a 13-page complaint against the following defendants: Tom Leatherwood; Joseph Reves; McCurdy & Chandler, LLC; Patrick Taggart; U.S. Bank; Andy Cecere; Deutsche; Josef Ackerman; MERS; Bill Beckman; Melanie D. Cowen; Chester Levings; Weiss, Spicer & Cash; Arnold Weiss; GMAC; Michael

---

[1] GMAC has since filed a notice of bankruptcy and withdrawn its participation from the motion to dismiss. (ECF Nos. 25, 36, 37.)

[2] Plaintiff Myron Bass's name was also included on the motion to amend. Bass, however, did not sign the motion, and the court dismissed with prejudice Bass as a plaintiff for failure to prosecute on April 24, 2014. (ECF No. 59.)

Carpenter; Gregory Griffin; T.A. Jones Enterprise; Tony A. Jones; GMF; David J. Petrini; Bank of America; Brian T. Moynihan; Recontrust; and Gregory Markarian. (ECF No. 2.) While Plaintiffs' Complaint is difficult to interpret, Plaintiffs appear to allege that the defendants illegally and fraudulently transferred various real estate properties in Shelby County, Tennessee, and failed to follow proper procedures for selling properties encumbered by outstanding liens. Plaintiffs do not identify themselves except to state that they are secured parties and the owners of certain properties described in the Complaint. (Compl., p. 4, ¶¶ 1-4; pp. 8-9, ¶¶ 15, 24, 26.) Plaintiffs cite to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and 42 U.S.C. § 1983. Plaintiffs allege that defendant Tom Leatherwood, who heads the Shelby County register of deeds office, overcharged fees and "illegally purges documents" in violation of Tennessee's Uniform Commercial Code ("UCC"). (Compl., p. 6, ¶¶ 3-4.) Plaintiffs further allege that on April 1, 2013, defendant Leatherwood "unlawfully purged a U.C.C. lien from the permanent archive allowing properties to be sold without liens being satisfied, wherein Defendants get a commission (cut) for the illegal sale." (Compl., p. 7, ¶ 6.) Plaintiffs then allege that each defendant "has their part to play therein and participates in a pattern of racketeering." (Compl. ¶ 7.)

Plaintiffs allege that defendant GMAC sold homes without satisfying proper liens. (Compl., p. 7, ¶ 11.) Defendant Gregory Griffin, a private investor, unlawfully purchased from GMAC real property located at 4843 Harvest Knoll Lane (the "Harvest Knoll Lane property") in Memphis, Tennessee, which was owned by Plaintiffs. (Compl., p. 5, ¶ 16; p. 8, ¶ 15.) Griffin allegedly knew that a lien of $500,000,000.00 existed on the property but said he would not pay off the lien. (Compl., p. 8, ¶¶ 15-16.) Griffin then conspired with Leatherwood and GMAC to transfer the Harvest Knoll Lane property to himself without paying the UCC lien. (Compl. ¶¶ 18, 22.) Griffin also allegedly conspired with defendant T.A. Jones by falsifying served documents. (Compl. ¶¶ 19-21.) Griffin allegedly "made telephonic threats to commit bodily harm to Plaintiff Mobley-Gunn if Plaintiff did not remove the lien from said property." (Compl., p. 9, ¶ 23.)

Plaintiffs allege that defendants McCurdy & Candler Law Firm and Patrick Taggart conspired with Leatherwood, Joseph Reves, MERS, GMAC, Deutsche, and Griffin "to illegally remove property without proper transfer statements, falsify and alter records, and transfer Plaintiffs' property in the commission of racketeering and grand larceny." (Compl., p. 9, ¶ 24.) Plaintiffs claim that MERS and Bank of America, N.A. illegally transferred the Harvest Knoll

Lane property as well as Plaintiffs' properties located at 6682 Stonetrace Drive ("the Stonetrace Drive property") and 5367 Bare Oaks Drive ("the Bare Oaks property") with "total and blatant disregard to the liens collectively totaling well over $700,000,000.00." (Compl. pp. 9-10, ¶¶ 26, 29.)

Plaintiffs allege that defendant U.S. Bank, N.A. illegally transferred the Bare Oaks property with disregard for the liens, which total "well over $100,000,000.00." (Compl. p. 10, ¶ 30.) Plaintiffs likewise allege that Deutsche illegally transferred the Harvest Knoll Lane property and the Stonetrace Drive property. (Compl. pp. 9-10, ¶ 28.) Plaintiffs allege that "all Defendants, with the exception of Defendant Jones, transferred said properties without a transfer statement as required by TCA § 47-9-619." (Compl. p. 9, ¶ 27.)

Plaintiffs claim that defendant Weiss, Spicer and Cash, a law firm, conspired with defendants Leatherwood, MERS, Bank of America, and GMF "to illegally transferred [*sic*] property with a transfer statements and sale property, falsify and alter records, and transfer Plaintiffs' property in the commission of racketeering and grand larceny." (Compl. p. 10, ¶ 31.) Plaintiffs also allege that GMF illegally transferred the Stonetrace Drive property

with disregard to the liens "totaling well over $100,000,000.00." (Compl. ¶ 32.)

Plaintiffs next allege that defendant Recontrust likewise conspired to illegally transfer properties and that defendant Griffin, U.S. Bank, N.A., Bank of America, and Recontrust "did unlawfully enter premises owned by Secured Parties and illegally remove, destroy and steal items." (Compl. ¶ 34.) Defendants Griffin and unknown defendants are allegedly "guilty of conspiring together in trafficking stolen property" when they "unlawfully evicted Plaintiff Mobley-Gunn" and stole unidentified "personal items." (Compl. p. 11, ¶ 1.)

Plaintiffs then include a number of allegations directed at the defendants generally, stating that "All Defendants are guilty of criminal profiteering," (Compl. ¶ 2), all defendants "knowingly received proceeds" from their acts, (Compl. ¶ 4), and "Defendants . . . are guilty of larceny, falsifying records, perjury, illegal transfers, conspiracy and racketeering." (Compl. ¶ 5). Plaintiffs further allege that "[a]ll Defendants . . . conspired together and participated in an effort to defraud the public" and "participated in illegal trafficking of stolen property." (Compl. ¶¶ 6-7.) Plaintiffs also allege that all defendants "are guilty of deceptive business practices pursuant to TCA § 39-14-127," and

have also violated TCA § 39-14-116. (Compl., p. 12, ¶¶ 11, 15.) Plaintiffs' Complaint requests that the defendants transfer back to the Plaintiffs all property that was illegally sold, that the defendants be ordered to pay all liens that existed at the time of the property transfer and to pay treble damages "totaling $980,000.00," and punitive damages of "at least $1,000,000.00." (Compl. pp. 12-13.)

The defendants have filed several motions to dismiss, each arguing that the Complaint is conclusory, ambiguous, and insufficient to state a claim. The defendants also argue that the Complaint alleges fraud, but that the Complaint fails to meet the heightened pleading requirement of Federal Rule of Civil Procedure 9. After the defendants filed their motions to dismiss, the Plaintiffs filed a Proposed Amended Complaint ("Proposed Amendment"). (ECF No. 31-1.) The Proposed Amendment is a fifty-page, three-hundred paragraph document that cites to several dozen federal and state statutes. The Plaintiffs argue that the Proposed Amendment remedies the deficiencies cited by the defendants in their motions to dismiss.

## II. PROPOSED CONCLUSIONS OF LAW

**A. Standard of Review**

1. <u>Motion to Dismiss</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, a court "must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts consistent with its allegations that would entitle it to relief." La. Sch. Emps.' Retirement Sys. v. Ernst & Young, LLP, 622 F.3d 471, 477-78 (6th Cir. 2010). The U.S. Supreme Court explained that the purpose of Rule 8(a)(2) was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). The Supreme Court has stated that Rule 8 demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Finally, "[a]lthough material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not

required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Doe v. Univ. of the South, 687 F. Supp. 2d 744, 751 (E.D. Tenn. 2009).

"The basic pleading standards are not abrogated in *pro se* cases," and a *pro se* complaint "must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Freeman v. Sullivan, 954 F. Supp. 2d 730, 745 (W.D. Tenn. 2013) (citations omitted). "District courts have no obligation to act as counsel or paralegal to *pro se* litigants," and are "not required to create a *pro se* litigant's claim for him." Id. (citations and internal quotations omitted).

2. Motion to Amend

Under Rule 15(a), a plaintiff may amend his pleading "once as a matter of course," "freely when justice so requires," or else with the "opposing party's written consent or the court's leave." See United States v. Gibson, 424 F. App'x 461, 465 (6th Cir. 2011); Fed. R. Civ. P. 15(a). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010). A proposed amendment is futile if the amendment could not withstand

a Rule 12(b)(6) motion to dismiss.  Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010).  To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face."  Keys v. Humana, Inc., 684 F.3d 605, 608 (6th Cir. 2012) (alteration in original) (quoting Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).

**B.    Complaint Fails to State a Claim**

As an initial matter, federal courts have made clear that entities, such as corporations, limited liability companies, and unincorporated associations are not entitled to appear in court through non-attorney *pro se* litigants.  See, e.g., Harrison v. Wahatoyas, LLC, 253 F.3d 552, 556 (10th Cir. 2001) (stating that "a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*"); Tinkers & Chance v. Zowie Intertainment, Inc., 15 F. App'x 827, 828 (Fed. Cir. 2001) ("All artificial entities such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney"); Gilley v. Shoffner, 345 F. Supp. 2d 563, 567 (M.D.N.C. 2004) (citations omitted) (holding that "a limited liability company can appear in court only through

a licensed attorney because it is a business entity"); MOVE Org. v. U.S. Dep't of Justice, 555 F. Supp. 684, 692-93 (E.D. Pa. 1983) (collecting cases and recognizing that "the courts have repeatedly held that corporations and other organizations must be represented by counsel"); Old Hickory Eng'g & Mach. Co. v. Henry, 937 S.W.2d 782, 786 (Tenn. 1996) (holding that "a corporation cannot act *pro se* in a court proceeding nor can it be represented by an office or other non-lawyer agent"). The same rule applies to estates. See Shepherd v. Wellman, 313 F.3d 963, 971 (6th Cir. 2002) (citation omitted) (recognizing that an estate cannot file suit through a non-attorney *pro se* litigant where the estate has beneficiaries and creditors other than the litigant); see also Jones v. Corr. Med. Servs., 401 F.3d 950, 951-52 (8th Cir. 2005) (holding that a non-attorney administrator of a decedent's estate could not proceed *pro se* on behalf of the estate); Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) (holding that "an administrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant").

Here, since Myron Bass has been dismissed from this case, the only remaining plaintiffs are Sarahs Dream Unincorporated, Lawrence Everett Reed Estate, and Karen Mobley Gunn Estate. Karen Mobley, a non-attorney, has signed the Complaint and all filings related to

–11–

the present motions as the "authorized representative" on behalf of Sarahs Dream Unincorporated and Karen Mobley Gunn Estate. Lawrence Everett Reed has signed the Complaint and all filings related to the present motions as the "authorized representative" on behalf of the Lawrence Everett Reed Estate. Based on the above case authority, Karen Mobley and Lawrence Everett Reed, as non-attorneys, cannot represent Sarahs Dream Unincorporated, Karen Mobley Gunn Estate, and Lawrence Everett Reed Estate. Therefore, on this basis alone, it is recommended that the entire Complaint be dismissed. Secondly, Plaintiffs concede that their Complaint fails to state a claim. See ECF No. 31, p.2 ("Because of the inexperience of the *pro se* Plaintiffs, the Plaintiffs' original [Complaint] fails to properly allege civil RICO and Civil Rights violations.").

Moreover, the Plaintiffs' Complaint fails to state a claim upon which relief can be granted. As to the RICO claim, the Complaint does not identify the provisions of RICO that defendants allegedly violated. The court assumes that the Plaintiffs are proceeding under section 1964(c), RICO's provision authorizing civil suits for a violation of 18 U.S.C. § 1962. It provides in pertinent part that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court. . . ." 18 U.S.C. §

1964(c). To establish a violation of § 1962, a plaintiff must show: "(1) that there were two or more predicate offenses; (2) that an 'enterprise' existed; (3) that there was a nexus between the pattern of racketeering activity and the enterprise; and (4) that an injury to business or property occurred as a result of the above three factors." VanDenBroeck v. CommonPoint Mortg. Co., 210 F.3d 696, 699 (6th Cir. 2001). An "enterprise" can be proven by showing that a group of persons formed an ongoing organization; (2) that they functioned as a continuing unit; and (3) that the organization was separate from the pattern of racketeering activity in which it engaged. Id. RICO defines racketeering activity to include any act that is indictable under certain provisions of Title 18 of the United States Code, including wire fraud, 18 U.S.C. § 1343, and mail fraud, 18 U.S.C. § 1341.

The complaint contains no factual allegations that support the elements of a civil RICO cause of action. There are no allegations of an enterprise or of two or more predicate offenses. Assuming, *arguendo,* the Plaintiffs' allegations of fraud are meant to be the underlying predicate offense, the Complaint still fails to state a civil RICO cause of action. A civil RICO claim based on allegations of fraud must also comply with the particularity pleading requirement of Rule 9 of the Federal Rules of Civil Procedure. Brown v. Cassens

Transp. Co., 546 F.3d 347, 356 n.4 (6th Cir. 2008); Blount Fin. Servs., Inc. v. Walter E. Heller & Co., 819 F.2d 151, 152-53 (6th Cir. 1987); Flores v. Emerich & Fike, 416 F. Supp. 2d 885, 911 (E.D. Cal. 2006). Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The Plaintiff[ ] must plead more than a generalized grievance against a collective group of Defendants in order to meet the requirements of FRCP 9(b)." Masterson v. Meade Cnty. Fiscal Court, 489 F. Supp. 2d 740, 749 (W.D. Ky. 2007) (citing United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 643 (6th Cir. 2003)). To comply with Rule 9(b), a complaint alleging a fraudulent representation "must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Frank v. Dana Corp., 547 F.3d 564, 570 (6th Cir. 2008) (quoting Gupta v. Terra Nitrogen Corp., 10 F.Supp.2d 879, 883 (N.D. Ohio 1998)). A plaintiff must, "[a]t a minimum . . . allege the time, place and contents of the misrepresentations." Id. (citing Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984)). "Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b)." Bovee

v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff who asserts a claim based on a failure to disclose must plead all the elements with particularity. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297, at 72-73, 101 (3d ed. 2004). In their Complaint, Plaintiffs fail to identify any false statement allegedly made by the defendants, much less the time and date of any false representation. Plaintiffs' complaint merely makes conclusory allegations without providing any factual support. Accordingly, Plaintiff fails to plead fraud with the particularity required by Rule 9. Therefore, the Complaint fails to state a claim for civil RICO or fraud.

Next, the Plaintiffs have failed to state a claim based on 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). Here, any reference in the Complaint to § 1983 can only pertain to

defendants Leatherwood and Reves, whose actions may be fairly attributable to the state. Plaintiffs, however, have failed to allege any deprivation of rights secured by federal law. Therefore, it is recommended that the § 1983 claim be dismissed.

As to any state law claims in the Complaint, the vague, conclusory, and factually unsupported allegations fail to state a claim for relief against defendants. Plaintiffs do not allege sufficient facts to state a plausible state law claim for relief against any defendant. Based on the above reasons, it is recommended that defendants' motions to dismiss be granted, and the entire complaint dismissed.[3]

**C. Proposed Amendment is Futile**

It is further recommended that the Plaintiffs' Motion to Amend be denied because the Plaintiffs' Proposed Amendment would not survive a Rule 12(b)(6) motion to dismiss. First, as discussed above, the remaining plaintiffs cannot be represented by non-attorneys. Further, even though the Proposed Amendment contains more detailed allegations against each defendant, the Plaintiffs still fail to state a claim because the Plaintiffs do not have standing to bring their claims. Plaintiffs allege that they

---

[3] As discussed below, the Plaintiffs also do not appear to have standing to bring any claim against any defendant.

–16–

entered into security agreements with certain debtors that created a security interest in all of the debtors' property, pursuant to Article 9 of Tennessee's UCC, Tennessee Code Annotated section 47-9-201.  (ECF No. 31-1, ¶¶ 28, 125, 138.)  Plaintiffs' claims fail as a matter of law because the UCC does not govern the creation or transfer of interests in real estate. Section 109 of Article 9 provides as follows:

> (d) INAPPLICABILITY OF CHAPTER. This chapter does not apply to:
>
>> (11) the creation or transfer of an interest in or lien on real property. . . .

Tenn. Code Ann. § 47-9-109(d)(11).  "Thus, if the security interest is an interest in or constitutes a lien on real estate, neither its creation nor its transfer is governed by Article 9."  Hawkland UCC Series § 9-109:15 [Rev]; see also In re Ocean Place Dev., LLC., 447 B.R. 726, 732 (Bankr. D.N.J. 2011) ("The language of [§ 9-109(d)(11)] clearly excludes only interests in real estate, including 'a lease or rents thereunder,' from the requirements of Article 9.  By this, mortgages, leases and other instruments conveying an interest in real estate are excluded."); In re Barnes, No. 10-46482-399, 2010 WL 3895466, at *6 (Bankr. E.D. Mo. Sept. 29, 2010) ("Article 9 does not apply to the security interest at issue here because the security interest asserted by the Defendant is a security interest in real

estate"); Martin v. CitiMortgage, No. 1:10-CV-00656-TWT, 2010 WL 3418320, at *8 n.12 (N.D. Ga. Aug. 3, 2010) (noting that Article 9 was "inapplicable" to the plaintiff's mortgage loan because "Article 9 does not apply 'to the *creation* or *transfer* of an interest in or lien on real estate'"); In re Preston, 52 B.R. 296, 298 (Bankr. M.D. Tenn. 1985) ("Article Nine of the U.C.C. does not apply to 'the creation or transfer of an interest in or a lien on real estate'") (citing predecessor to Tenn. Code Ann. § 47-9-109). Here, Plaintiffs purported security interest is a security interest in real estate, and Article 9 does not apply. Plaintiffs' purported security agreements failed to create any security interest in the debtors' properties, and the defendants were not bound by the UCC when foreclosing or transferring interests in the real property. Therefore, as a matter of law, Plaintiffs created no interest in the real properties at issue by entering into the security agreements, and, likewise, their acts of filing financing statements to "perfect" these purported security interests were legally without effect. Because Plaintiffs had no interest in the real properties at issue, they lack standing to assert claims based on an alleged interest in the properties. See Berna v. City of Detroit, No. 05-74521, 2006 WL 1779599, at *2 (E.D. Mich. June 23, 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)) (noting that an

element of standing is a 'concrete and particularized' showing of a legally protected interest, and dismissing case for failure to allege standing when plaintiffs failed to identify what property interests they held in the property at issue).  Thus, granting the Plaintiffs' motion to amend would be futile.

In addition, the three statutes listed under "Violations of Tennessee Law" in the Proposed Amendment fail to create a private right of action.  The Plaintiffs cite to Tennessee Code Annotated sections 39-14-116(a), 39-14-903, and 39-12-103.  All three statutes are criminal statutes, which do not give rise to a private cause of action and cannot be a basis for a private civil action. See, e.g., Schmidt v. Nat'l City Corp., No. 3:06-DV-209, 2008 WL 5248706, at *11 (E.D. Tenn. Dec. 17, 2008) (finding no private right of action under Tenn. Code Ann. § 39-12-103).  Accordingly, the Plaintiffs have not sufficiently alleged a state law cause of action, and granting the motion to amend would be futile on that basis.

### III. RECOMMENDATION

For the reasons above, it is recommended that the defendants' motions to dismiss be granted, and that Plaintiffs' motion to amend be denied.

s/ Tu M. Pham<br>
TU M. PHAM<br>
United States Magistrate Judge

July 21, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**