# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 04, 2016

| | |
|---|---|
| Mr. Klinton W. Alexander | Ms. Karen Mobley |
| Ms. Virginia P. Bozeman | Mr. Frank Reid Olson |
| Ms. Elizabeth A. Cash | Mr. Lawrence Everett Reed |
| Mr. Jay A. Ebelhar | Mr. Edmund Scott Sauer |
| Mr. Reid Stephens Manley | Mr. Frankie N. Spero |
| Mr. Zachary David Miller | |

Re: Case No. 14-6321, *Myron Bass, et al v. Tom Leatherwood, et al*
Originating Case No. : 2:13-cv-02882

Dear Counsel and Parties:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Amy E. Gigliotti
Case Manager
Direct Dial No. 513-564-7012

cc: Mr. Thomas M. Gould

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 14-6321

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 04, 2016
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| MYRON BASS, | ) |
|     Plaintiff, | ) ) ) |
| and | ) ) |
| KAREN MOBLEY; LAWRENCE EVERETT REED, | ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
|     Plaintiffs-Appellants, | ) ) |
| v. | ) ) |
| TOM LEATHERWOOD, Register of Deeds, et al., in their official and individual capacities, | ) ) ) ) |
|     Defendants-Appellees. | ) ) |

O R D E R

Before: SILER, GILMAN, and WHITE, Circuit Judges.

Karen Mobley and Lawrence Everett Reed, pro se Tennessee appellants, challenge the district court's orders granting the defendants' various motions to dismiss their civil suit advancing claims under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and under 42 U.S.C. § 1983. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2013, Mobley, Reed, and a non-appellant co-plaintiff, Myron Bass, filed suit in district court on behalf of Bass and three legal entities: the "Karen Mobley Gunn Estate"; the

"Lawrence Everett Reed Estate"; and "Sarah's Dream Unincorporated." They sued twenty-five defendants, including mortgage servicing companies, investment banks, corporate officers, and local officials, all of whom allegedly conspired to transfer property encumbered by liens owed to the plaintiffs without following the strictures of Tennessee's Uniform Commercial Code ("UCC"), Tennessee Code Annotated ("TCA") § 47. Ch. 9. Among other allegations of fraud and impropriety, the plaintiffs claimed that several properties were sold despite liens totaling between $100 million and $700 million. In addition, the plaintiffs alleged that the Shelby County, Tennessee, Recorder fraudulently filed or destroyed documents to allow the transactions to take place.

Fourteen of the defendants moved to dismiss the suit, arguing that the non-attorney plaintiffs could not represent legal entities and that, in any event, the plaintiffs had failed to allege sufficient factual support to state a claim upon which relief may be granted. In the meantime, the claims of Bass, the only plaintiff representing himself, were dismissed for failure to prosecute. Over the plaintiffs' objections, the district court adopted the magistrate judge's recommendation and dismissed the case. Mobley and Reed now appeal, arguing that the court ignored a wealth of facts included in their complaint.

Several of the defendants filed a motion to dismiss in this court, arguing again that the plaintiffs were inappropriately representing legal entities without being licensed attorneys. Considering the question, we denied the motion, holding that, although laypersons are generally prohibited from representing legal entities, that prohibition does not extend to estates in which the beneficiary is the pro se litigant. *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015). The parties thereafter submitted their written arguments, and the appeal is now ripe for consideration on the merits.

We review de novo a district court's decision to grant a motion to dismiss. *Jasinski v. Tyler*, 729 F.3d 531, 538 (6th Cir. 2013). To survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the

"plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The district court correctly dismissed the complaint. First, the UCC does not apply in cases such as this. *See* TCA § 47-9-109(d)(11)(A)-(D). Thus, the defendants' transfer of property cannot have violated the plaintiffs' secured interests. Second, § 1983 requires deprivation of a federal statutory or constitutional right caused by a person acting under color of state law. *Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007). Only two defendants, former Shelby County Recorder's Office employees Tom Leatherwood and Joseph Reves, qualify as state actors. Thus, Mobley and Reed cannot advance a § 1983 claim against any other defendant. Third, every allegation is conclusory and each accusation is vague. Indeed, the plaintiffs failed to allege when or how they came to more than half a billion dollars' worth of security interests in the properties at issue. The allegations of fraud and RICO violations are therefore too vague to survive. *See VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2000), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008); *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008).

In short, when the facts presented in the complaint are accepted as true, there is insufficient detail to conclude that the defendants' actions were illegal or that, if illegal, they infringed on the plaintiffs' rights. Therefore, the plaintiffs failed to state a facially plausible claim of injury under the UCC, 42 U.S.C. § 1983, RICO, or Tennessee state law.

Accordingly, we **AFFIRM** the district court's orders dismissing this suit.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk